MANAHAN *against* GIBBONS and others.

THIS was an action of assumpsit. The declaration contained the usual money counts. The cause was tried at the *Albany* Circuit, in *April*, 1820, before Mr. Justice *Woodworth*. The plaintiff gave in evidence the exemplification of a judgment in this Court, the 24th of *October*, 1814, in favour of the defendants, (*Gibbons, Mounsey, Kerr, Dawson,* and *Maher*,) and the plaintiff, *Manahan*, against *Samuel Sweaney* and *William Kearney*, for 10,000 dollars, debt, on which a *fieri facias* was issued the 28th of *October*, 1814, directing the sheriff to levy 5,017 dollars and 93 cents, with interest and costs. The execution was returned, " Settled by the plaintiffs." The defendants, on the 2d of *June*, 1815, subscribed a paper, stating, that the property of *S. & K.* had been sold on the execution, and the amount thereof settled, except 400 or 500 dollars, and there was no more property to satisfy the residue, and they thereby agreed to discharge the execution, and directed the sheriff to return it satisfied. It appeared that the defendants, severally, were friendly endorsers of *S. & K.*, and *Manahan* was a creditor for money lent; and the judgment was confessed by *S. & K.* to secure all of them, and with the intention, as stated by *S.*, who was a witness, that the defendants should be first paid, and the surplus applied to *Manahan's* debt, and if any thing remained, it was to go to the other creditors. *K.*, however, testified, that the defendants and *M.* being all confidential creditors of *S. & K.*, were to be secured and paid equally and rateably, in proportion to their respective debts. The plaintiff's demand against *S. & K.* was on a note given by them to him, for 1,172 dollars and 10 cents. The amount collected on the execution was about 460 dollars less than the amount due to the said endorsers. In the distribution of the amount of money and notes received for the proceeds of the sale of the property on the execution, the defendants, at the instance of *Gibbons*, ex-

An action for money had and received, will not lie against two defendants, without showing a joint contract, or that both received the money.

As where *A.* being indebted to *B. C.* and *D,* severally, confessed a judgment to them jointly, to secure their several debts; and the property of *A.* was sold under an execution issued on the judgment; and the money arising from the sale, being less than the amount of the debts of *B.* and *C.*, was divided between them, to the exclusion of *D.* Held, that *D.* could not maintain an action for money had and received, against *B.* and *C.* jointly, to recover his proportion of the proceeds of the sale of the property of *A.* under the judgment and execution.

cluded the plaintiff, *M.,* from any portion of the dividend, alleging that his debt was usurious.

A verdict was found for the plaintiff, for 1,067 dollars damages, subject to the opinion of the Court, on a case stating the above facts, which either party was to be at liberty to turn into a bill of exceptions.

*Henry,* for the plaintiff, contended, that the defendants were jointly liable. That the negotiable notes received, were equivalent to money ; and that the plaintiff was, therefore, entitled to recover on the count for money had and received to his use. (11 *Johns. Rep.* 468. 7 *Johns. Rep.* 132.)

*Van Buren,* contra, said, that the action for money had and received, was founded on an implied promise, arising from principles of justice and equity, where the defendant has received money, which, *ex æquo et bono,* he ought to re fund. (2 *Comyn on Cont.* 3. 5.) No person that has not actually received the money, is liable to this action. (*Stratton* v. *Rastall,* 2 *Term Rep.* 366. 2 *H. Bl.* 563. *note.*) The law does not raise a promise, unless there is an antecedent debt, or obligation to pay.

Again ; the defendants are not jointly liable. In *Jaques* v. *Whitcomb and others,* (1 *Esp. N. P. Cases,* 361.) which was an action for extortion, Lord *Kenyon* held, that, an action for money had and received, or *ex contractu,* would not lie against both the defendants, without proving a joint contract, or that both had received the money. In *Kip* v. *Denniston,* (4 *Johns. Rep.* 23.) where two trustees sold the trust property, and the money was paid into the hands of one of them ; the other was held not to be answerable in an action for money had and received. (*Brand* v. *Boulcott,* 3 *Bos. & Pull.* 235. *Osborne* v. *Harper,* 5 *East Rep.* 225. 2 *Term Rep.* 282.) Where the party waives the *tort,* and brings his action for money had and received, the rule applies precisely as if it were a contract. (*Bull. N. P.* 129. 130.)

SPENCER, Ch. J. delivered the opinion of the Court. A

judgment was confessed by *Sweany & Kearny*, to the defendants, and the plaintiff, jointly, for 10,000 dollars, and execution was issued on this judgment. A portion of the judgment was collected, and the defendants, on the 2d of *June*, 1815, subscribed a paper, stating, that the property of *Sweany & Kearney* had been sold, and the amount thereof settled, to between 400 and 500 dollars, and there being no more property to satisfy the residue, they discharged the execution, and requested the sheriff to return the same satisfied. In the distribution of the money collected, and notes delivered by *Sweany & Kearney*, the defendants excluded the plaintiff from any portion of the dividend, upon the allegation that his debt was infected by usury. The interest of the defendants, in the judgment, was distinct and several; they were creditors of *Sweany & Kearney*, as endorsers upon their notes, in their individual capacities. The plaintiff's demand, also, was for monies individually lent to *Sweany & Kearney*. I think there can be no doubt, that the defendants actually received no more than the debts due to them.

The points for our consideration are, whether the defendants, all of whom stood in the light of endorsers, were first to be paid their debts, and the plaintiff was to be paid out of the surplus; or, whether they were all to be paid, in proportion to their debts, rateably? The other point is, whether a joint action will lie against the defendants?

I am satisfied, that the parties, plaintiffs in the judgment against *Sweany & Kearney*, were to be paid rateably. *Sweany* swears they were not to be paid in that manner, but that the defendants, who were endorsers, were to be first paid; but he is pointedly contradicted by *Kearney*. The joint judgment which would give equal rights to a rateable payment, decides the question between the conflicting testimony.

The remaining question is not free from difficulty; but, it appears to me, that the defendants cannot be liable in this action, jointly. They, certainly, are not partners in this transaction, and they had no joint interest in the fund created by the sale of *Sweany & Kearney's* property. The judgment was given to all the parties, for their convenience, and to

secure an equal participation in the proceeds of the sale of their estate. The action is not for discharging the execution, or for depriving the plaintiff, tortiously, of a right to which he was entitled; but it is an action *ex contractu*, and the plaintiff's claim rests on the count for money had and received by the defendants, to his use. The defendants have not jointly had and received any money to the plaintiff's use. They have severally pocketted a proportion of the money to which the plaintiff was entitled, but they have not jointly done so. In *Osborne and another* v. *Harper*, (5 *East's Rep.* 228.) the question was, whether the plaintiffs ought not to have associated with them other persons as plaintiffs. The Court said, it did not appear, in point of fact, that the damages in the former action had been paid out of any joint stock or fund, without which, they considered that a joint action for repayment of the sum advanced by the plaintiffs, for the use of the defendant, could not be supported; for, without a joint fund, out of which the payment was to be made, there could be no joint payment. It cannot be doubted, that in this action, a joint contract must be proved. Here, the assumption, if any, is implied, and a promise cannot be implied against justice and equity. The foundation of the action for money had and received, is, that the defendant has money in his possession, to which the plaintiff is entitled *ex æquo et bono*. In my judgment, it would be against the principles of equity and good conscience, to imply a promise from one of the defendants, to pay to the plaintiff the whole amount received by all the defendants; for if a recovery be had in this action, one of the defendants may be compelled to pay the entire amount. If too many persons be made defendants, the plaintiff will be nonsuited on the trial, if he fail in proving a joint contract. (1 *Chitty's Pl.* 31.) On the ground, therefore, that the defendants are not jointly liable to the plaintiff, judgment must be rendered for the defendants.

Judgment for the defendants.