Hiram McIntosh *v.* Charles Ensign and others.

28    169
77  AD'456

A plaintiff is not now to be nonsuited because he has brought too many par-ties into court. If he could recover against any of the defendants, upon the facts proved, had he sued them alone, a recovery against them will be proper, although he may have joined others with them in the action, against whom no liability is shown.

Where the complaint was against five defendants as common carriers, and the proof tended to establish a cause of action against two of them, and there was no proof whatever that the other three were liable jointly or otherwise; *Held* that although the plaintiff had joined with the two liable, others against whom no liability was shown, it was not error in the judge, upon the request of the two, to refuse to direct a verdict, or order judg-ment, in their favor.

APPEAL from a judgment of the Superior Court of Buf-falo. The action was brought to recover a threshing machine and two wagon gearings, which the defendants, in September, 1856, received to carry on their vessel from Buffalo to Mil-waukie, and which they failed to deliver. The defendants, Ensign and Holt, appeared and answered. The other de-fendants, Merchant, Marsden and Moses, were non-residents, not served with process, and did not appear or answer.

On the trial, evidence was given by the plaintiff tending to prove that in 1856 there was a line of propellers, known as the People's Line, for the carriage of goods and merchandize between Buffalo and Milwaukie, and the propeller Cuyahoga run in the line. In September of that year, the plaintiff, who lived in Allegany county, desired to send to Milwaukie a threshing machine and two wagon gearings. On reaching

Buffalo with the property, it was left with the agent of the People's Line to be carried, who gave receipts for it, as follows :

RECEIPT A.

"Received, Buffalo, September 26, 1856, one threshing machine complete, with two wagon gearings, to be forwarded to Milwaukie, for thirty-five dollars, on board propeller Cuyahoga.               WILLIAMS."

RECEIPT B.

"Received, Buffalo, September 26, 1856, from J. McIntosh, thirty-five dollars for L. F. on one threshing machine, complete machinery to Milwaukie, on propeller Cuyahoga, including two wagon gearings.            WILLIAMS."

These were afterwards admitted by Ensign to be the defendants' receipts. At the time the receipts were given the Cuyahoga lay near the dock, and the property was left as near the boat as it could be got, and close to the office. Williams marked most of the things for Milwaukie ; and after he had signed the papers, the plaintiff's agent inquired of him if there was anything further for him to do, about getting the property on board, and Williams said there was not, and that McIntosh need have nothing further to do with the property until it got to Milwaukie.

It was proved that the property was not delivered at Milwaukie, but was carried on the propeller Pittsburgh, another boat of the People's Line, and left at Waukegan by mistake ; that the plaintiff never received it ; and that its value at Buffalo and at Milwaukie was equal to the amount of the verdict afterwards rendered. It was proved, also, that Williams, Tanner & Co. were agents for the People's Line of propellers in obtaining freight for them, and that the propeller Cuyahoga was run in that line ; and it was admitted that the defendants, Ensign and Holt, were, at the time in question, part owners of the propeller Cuyahoga. When the

plaintiff rested his case, the counsel of the defendants, Holt and Ensign, moved for a nonsuit on the ground that they were only part owners of the propellers. The motion was denied.

After the defendant Ensign had been sworn on behalf of himself and Holt, and given evidence tending to contradict the plaintiff's evidence in some particulars, the case was rested, whereupon the counsel for Holt and Ensign requested the court to direct a verdict or render or order judgment in their favor: 1. For the reason that there was no proof of any contract on the part of the owners of the propeller Cuyahoga to carry or deliver the property. 2. For the reason that there was no evidence of any contract on the part of or to bind the defendant Holt, and that therefore judgment could not be obtained against either Holt or Ensign. The court refused to so order or render judgment, and to so direct a verdict, separately as to each of said grounds therefor, urged by said counsel, and the counsel excepted to each of such decisions. The counsel for Holt and Ensign then requested the court to direct a verdict, or order a judgment in favor of the defendant Holt, for the reason that there was no evidence of any contract on the part of, or to bind him. The court refused, and the counsel excepted.

The jury rendered a verdict in favor of the plaintiff against the defendants for $413,27, on which judgment was perfected, and on appeal the judgment was affirmed at a general term. The defendants, Ensign and Holt, then appealed to this court.

*Geo. B. Hillard,* for the appellants.

*A. P. Laning,* for the respondent.

Wright, J. The only allegation of error made by the appellants' counsel is in the court refusing to nonsuit or direct a verdict or judgment in favor of the defendants,

whose liability was established by the evidence, on the ground of a misjoinder of defendants in the action. The plaintiff complained against five defendants, alleging a joint liability. The facts proved tended to establish a cause of action against the defendants Ensign and Holt, who answered, but against the other defendants no liability whatever was shown. The court deeming that upon the proof the plaintiff would have been entitled to recover against Ensign and Holt, if he had sued them alone, refused to take the case from the jury and order judgment in their favor.

The general rule of the common law undoubtedly was, that in an action on an alleged joint contract the plaintiff must have recovered against all the defendants, or been defeated. The recovery must have been against all, or neither. If too many persons were made defendants, the plaintiff would have been nonsuited on the trial, if he failed in proving a joint contract. (1 Chitty's Pleadings, 31.) But that is not the present rule. A plaintiff is not now to be nonsuited because he has brought too many parties into court. If he could recover against any of the defendants upon the facts proved, had he sued them alone, the recovery against them is proper, although he may have joined others with them in the action against whom no liability is shown. (Code, § 136, 274; *Brumskill* v. *James*, 1 Kern. 294; *Marquat* v. *Marquat and wife*, 2 id. 336; *Harrington* v. *Higham*, 15 Barb. 524; *Parker* v. *Jackson*, 16 id. 33.) It will be observed that tne question did not properly arise in this case, whether in a suit alleging a joint liability, where the proof established a case of joint indebtedness only, a several judgment might be rendered against one or more of the defendants named in the complaint. It may be conceded that under such circumstances a joint judgment could only be properly rendered. Here the complaint was against five defendants as common carriers, and the proof tended to establish a cause of action against two of them, and there was no proof whatever that the other three were liable jointly or otherwise. The contract was to carry

the property to Milwaukee on the propeller Cuyahoga, which ran in the People's Line of propellers from Buffalo.    Through the agent of the line at Buffalo the contract was made, and the property received into its possession for transportation. Ensign, one of the defendants sought to be charged, admitted this to be the defendants' contract, and it was further admitted that both Ensign and Holt were part owners of the vessel on which the property was agreed to be shipped.    The evidence was abundant to charge Ensign, and tended to establish Holt's liability, as part owner and jointly interested with Ensign in the business of the People's Line.    There was no proof that the other defendants, or that any other persons, were interested with them in the business of this line.    It is true that it might be implied, from the admission that Ensign and Holt were part owners of the propeller Cuyahoga, that there was another owner or owners of that vessel; but it was not necessarily to be implied that they were interested in the business conducted by the freighting establishment known as the People's Line.

I can not doubt that the plaintiff, upon the facts proved, could have recovered against Holt and Ensign had he sued them alone, and hence, although he had joined others with them in the action against whom no liability was shown, it was not error in the judge, upon their request, to refuse to direct a verdict or order judgment in their favor.

The judgment should be affirmed.


Emott, J.    The plaintiff sued five persons as common carriers in an action founded upon their contract to transport certain property from Buffalo to Milwaukie.    He might have framed his action in tort and held them liable upon their common law liability and duty.    But his complaint alleges an express understanding on their part, to transfer and deliver the property in question, and its breach by their failure to do so, and asks for damages for their non-performance of the contract.    The plaintiff's action is therefore subject to the

rules which govern actions upon contracts, and if his recovery is obnoxious to any objections founded on these rules, he must fail, notwithstanding that the alleged breach of contract was also a wrong, and that he might have avoided any such difficulties by suing in tort.

The complaint alleges a joint liability of all the defendants, and such is the nature of the engagement alleged to have been made. That it was a joint and not a several agreement of all the parties who made it with the plaintiff, whoever these parties were, and these parties were jointly responsible to the plaintiff with whom they contracted. Ensign and Holt, two of the defendants, appeared and answered, putting in a simple *general denial of the* complaint. The other three defendants were non-residents. They do not seem to have been served with process, or to have been otherwise brought in, and they did not appear or answer. At the trial, the delivery of the goods on board the propeller Cuyahoga at Buffalo to be carried to Milwaukie, was proved, and it was shown that they were not delivered according to the agreement by which they were received on the vessel. It was admitted that Ensign and Holt were part owners of the vessel. The contract was made with the plaintiff by an agent of the vessel, and there was sufficient evidence that this person was authorized to make the contract which he did, and to bind the owners of the vessel thereby. It was thus the contract of Ensign and Holt. But it was proved that there were other owners of the vessel who were of course also bound by the same agreement upon which Ensign and Holt were liable.

The misjoinder of parties who are not jointly liable in an action on a joint contract would have been fatal to the plaintiff, before the code. Upon the facts which appeared at the trial the plaintiff would have been nonsuited, although the three defendants who were misjoined had not appeared, and even if they had been served with process and had suffered default. (19 John. 109 ; 1 Chit. Pl. 32 ; Bull. N. P. 129.) But the code (§§ 136, 274) has abrogated this strict and

technical rule. The 136th section is to the effect, that "where the action is against two or more defendants, if all of them have been served, judgment may be taken against *any or either of them severally* where the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them or any of them alone." By the 274th section, in an action against several defendants, the court is authorized in its discretion to " render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper. In *Harrington* v. *Higham,* (10 Barb. 524,) the Supreme Court held that where, in an action alleging a joint liability against three defendants, it appeared that two of them were served and the third was not, the two who were liable could not take advantage of the non-liability of the third. In *Parker* v. *Jackson,* (16 Barb. 33,) an action was brought against two members of a firm upon a promissory note signed with the firm name. It appeared that one partner had used the firm name without authority, and therefore the other partner was not liable. Upon this provision of the code, however, the court held that the plaintiff might have sued the partner who signed the note alone, and therefore he could have judgment against him, while the other defendant was discharged. In *Brumskill* v. *James,* in this court, (1 Kern. 294,) two parties were sued as partners on a promissory note given in the name of the firm; one of them was shown to be the wife of the other and therefore not a partner. It was held, notwithstanding, that the action could proceed and judgment be had against the defendant who was liable. These were cases of joint contract, and they were alleged to be joint in the complaints founded upon them. The construction placed upon the code as intending to change the rule to which I have referred, is decisive of the present case, and it is a reasonable and satisfactory one. The only difficulty in extracting the rule upon such a question arises from the infelicity of language which as usual characterizes this section. The code speaks of taking judg-

ment against a part of the defendants severally, and of rendering judgment against one or more of the defendants, leaving the action to proceed against the others, whenever a several judgment would be proper. It seems to have been supposed by the defendant's counsel here, that the use of the word *several*, confined the operation of the section to cases where, although too many parties were made defendants, the liability of the others, if there were more than one who were proper parties, was *several* in its character. But what is meant evidently is not a several but a separate judgment. The inconvenience arising from the rule of the common law, that where the subject of the suit was a joint contract, the recovery must be against all the defendants or neither, was what these provisions designed to remedy. Their true construction is, that when in an action upon a joint contract one or more of the defendants is proven not to be liable, and one or more of the others to be liable, a separate judgment may be given against those who are liable, whether their liability be joint or several, and the other defendants may be dismissed. The test is whether the plaintiff can recover in the action against any of the defendants if they had been sued alone. This test is to be applied to this action as it stands, and to the pleadings as they exist. In the present case the plaintiff would have been entitled to recover upon the present pleading against Holt and Ensign jointly, if the other three defendants had not been sued with them. He will not therefore be defeated, as the case now stands, because he has joined these three persons who were not liable, but he will have his judgment against those who are liable, and the others may have judgment against him. Nor will he be defeated, because if he had sued Holt and Ensign alone they might have pleaded the nonjoinder of other parties in abatement. They have not done so, and they stand on the record jointly liable to the plaintiff, while it is immaterial in this action whether others could have been sued or not. Merchant, Worden and Loomis, although alleged to have been

jointly liable with Holt and Ensign, are to be struck out of the case, because no such liability is proved. This leaves Holt and Ensign liable and without any defense or objection on account of parties or otherwise, and it leaves them where they can not escape a judgment against them which is separate although it may not be properly several.

The judgment should be affirmed with costs.

All the Judges concurring,

Judgment affirmed.