Dav, J..
The point made in the case arises upon demurrer to the second answer, and presents the question, whether a verdict and judgment for the defendants in an action against two or more defendants, on an alleged joint promise for the payment of money, is a bar to a subsequent action by the same plaintiff on the same promise against one. of the defendants in the former action.
The general rule of the common law is that in an action on a joint contract the plaintiff must recover against all of the defendants, or be defeated. But in Lampkin v. Chisom, 10 Ohio St. 450, it was held that, “ the common law rule *677 -that where a joint contract is the subject of an action, the recovery must be against all or neither of the defendants, Ras been modified by section 371. of the code of civil procedure, so as to authorize judgment to be rendered ‘for or against one or more of several defendants,’ where it turns out upon the trial that only one or more of several defendants in such joint action is liable, without subjecting the plaintiff to the necessity of bringing a new action against .such defendant or defendants.”
The holding in Aucher v. Adams & Ford, 23 Ohio St. 543, is in accordance with this ruling. A similar provision in the New York code has received the same'construction hy the Court of Appeals of that State. McIntosh v. Ensign, 28 N. Y. 169.
The several liability of the defendant below in the former action, upon the issue joined in that case, was, then, no less involved in the determination of the case than was his joint liability, for it was as much the right of the plaintiff in that case to litigate and enforce the one as it was the other. Nor was this a matter of discretion with the court. It was the right of the plaintiffj and, in the absence of a contrary showing by the record, it most be presumed that it was not denied to him. If he availed himself of his right to a several judgment against the defendant in that action, the question at issue in this case has been adjudicated; if he did not, it -was his own fault, for he had the opportunity “to do so, and the result in either case is the same; for it is the settled rule, as recently held by this court in Covington and Cincinnati Bridge Co. v. Sargent, ante, 233, that .a former judgment upon the merits of the ease is a bar to a second suit upon the same cause of action between the same parties, and is conclusive, not only upon the subject-matter thereby actually determined, but also as to every other matter which might have been litigated and decided upon the issues made and tried in the case. The reason of rule, as well as that of the modified practice introduced by Ihe code, is said to be founded on the expediency of ending *678 the contentions of parties, and of accomplishing the ends-of justice, by a single and speedy decision of all their rights-
The application of these rules is decisive of the case before us. The Court of Common Pleas erred in sustaining-the demurrer to the second answer, and the District Court erred in affirining the judgment of the Common Pleas.. The judgment of each court must therefore be reversed, and the cause remanded to the Court of Common Pleas for further proceedings.

Judgment accordingly.

Scott, Chief Judge, Wright, Johnson, and Ashburn* JJ., concurred.