CHARLES A. CLEGG, APPELLANT, v. WILLIAM E. CRAMER, ANDREW J. AIKEN AND JOHN F. CRAMER, RESPONDENTS, IMPLEADED, ETC.

*Counter-claim — when one existing in favor of a part of the defendants may be set up by them.*

In an action brought by the plaintiff against several defendants, for the breach of a contract alleged to have been made with them, three of them answered, alleging that the contract, whatever were its terms, was made with them, and setting up a counter-claim for breaches of the contract made by the plaintiff with them.

*Held*, that as the three defendants alleged that the contract sued upon was made exclusively with them, they were entitled to set up the counter-claim, although the other defendants had no interest therein.

Appeal from an interlocutory judgment, entered upon an order overruling a demurrer to counter-claims set up in an answer served by three of the defendants herein.

*William H. O'Dwyer*, for the appellant.

*John K. Porter*, for the respondents.

Daniels, J. :

The action was brought by the plaintiff for the breach of a contract alleged to have been made with the defendants for the publication of advertisements in various newspapers printed in different portions of the United States, and for the recovery of an amount alleged to have been paid for the expenses of advertisements not actually made. Three of the defendants answered, alleging in substance, that the contract, whatever may have been its terms, was made with them, and then by way of further defense they set forth a large number of counter-claims upon the contracts alleged to have been made with them by the plaintiff which he failed to perform. And it was to the portions of the answer presenting these counter-claims that the plaintiff demurred. His demurrer proceeded upon the ground that as the counter-claims were not alleged to exist in favor of all the defendants in the action, that they were improperly set forth in the answer of the three defendants. And this position would undoubtedly be true if the answer conceded a joint liability to the plaintiff by all the defendants. But it did not. The three defendants answering, in effect, alleged that the contract was made exclusively with them. And if that fact shall be established at the trial, then the complaint must be dismissed as to all the remaining defendants. For even if it be assumed that a joint contract has been set forth in the complaint as the ground of the action, the court, at the trial, can still award judgment in favor of the plaintiff against these three defendants, if, as a matter of fact, it shall be made to appear that they were the only persons liable to the plaintiff. (Code Civil Pro., § 1204; *McIntosh* v. *Ensign*, 28 N. Y., 169.)

And by the answer of the three defendants, they asserted that to be the nature of the liability. They were not concluded upon this subject by any allegations contained in the complaint, but were at liberty to deny the alleged joint liability, and further to allege the

fact to be that whatever contract had been made was made by themselves alone with the plaintiff. And if they should turn out to be correct in those allegations, then the action would become an action between the plaintiff and themselves. And in that contingency the counter-claims set forth by them in their answers would be legally applicable to any claim which might exist in favor of the plaintiff, under the agreement or agreements, relied upon by him. This was an entirely proper mode of proceeding. The three defendants were clearly entitled to aver that the liability relied upon by the plaintiff was wholly confined to themselves, and to follow that averment with such counter-claims as existed, or might be alleged to exist, in their own favor against him. This was the course of practice which they followed. It was entirely right, and the judgment from which the appeal has been taken should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.