LAWTON v. PARTRIDGE et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

JUDGMENT—SEVERAL JUDGMENT.

    Code Civ. Proc. § 274, provides that in an action against several defendants the court in its discretion may render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper; and section 1205 declares that, where an action is against two or more defendants and a several judgment is proper, the court in its discretion may render judgment or require plaintiff to take judgment against one or more of the defendants, and direct that the action be severed and proceed against the others as the only defendants therein. Held, that where plaintiff pleaded a joint liability against several defendants, but proved a several liability against one of them only, he was entitled to judgment against him.

: Appeal from Trial Term.

· Action by Charles B. Lawton against Scott Partridge and others. From a judgment in favor of plaintiff against defendant Partridge alone, he· appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Andrew J. Nellis, for appellant.

Clarence W. Smith, for respondent.

CHESTER, J. The plaintiff sued the defendant Scott Partridge and 10 other persons, and in his complaint alleged:

"That heretofore and within six years last past the plaintiff or his servants or. employés and teams performed work, labor, and services for defendants at their request, knowledge, and approval, which work, labor, and services were rendered and performed upon lands which plaintiff was informed and verily believes belonged to or was occupied by the defendants herein; * * * that said work, labor, and services consisted of forty and seven-tenths (40.7) days of work with man and team at the price, amount, and value of $3 per day."

It was also alleged that no part of the amount had been paid, and judgment was demanded for $122.10, with interest from August 28, 1899. At the close of the plaintiff's proof the complaint was dismissed as to all the defendants except Partridge. At the close of the entire testimony the court denied a motion to dismiss the complaint as to Partridge. The ground of the motion was that the facts alleged are not such facts as to justify the proof of a several liability. The court then submitted the question to the jury as to whether Partridge was liable. The jury found a verdict in favor of the plaintiff, and Partridge appeals.

It appeared in the proof that the appellant employed one Greene to level up and grade a race track and to hire men and teams for that purpose, and that pursuant to such authority Greene employed the plaintiff and his teams upon the·work. It was also shown that plaintiff's teams performed the amount of work alleged in the complaint and that Greene reported the time to the appellant. The claim of the appellant in this respect is that whatever he did was for a number of people interested in the race track, and that in what he did he was not acting for himself alone, and that plaintiff knew this.

The court charged the jury, in substance, that if they were satisfied from the evidence that appellant had the authority to bind somebody else, and did bind somebody else, for the work, then the appellant was not personally liable for it, and that if the plaintiff knew that defendant was not acting for himself, but for others, then he would not be liable. He also charged the jury that if defendant in fact employed the plaintiff, and that he had no authority to bind anybody else, then the jury might find the defendant personally liable; also that if defendant employed plaintiff without disclosing his agency they might find the defendant liable. There is no criticism upon the law thus laid down by the court, and the verdict in favor of the plaintiff is supported by sufficient evidence. The appellant insists, however, that there can be no recovery upon a several liability of the defendant under the plaintiff's complaint, which, as the appellant construes it,

alleges only a joint liability. There is no doubt but that this contention would have been good under the common law, but the rule was changed by section 274 of the Code of Procedure, which provided that:

"In an action against several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper."

Substantially the same provision has been carried in section 1205 of the Code of Civil Procedure, which provides that:

"Where the action is against two or more defendants, and a several judgment is proper, the court may, in its discretion, render judgment or require the plaintiff to take judgment against one or more of the defendants, and direct that the action be severed, and proceed against the others, as the only defendants therein."

In Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791, Andrews, J., says:

"The common-law rule that, in an action against several defendants upon an alleged joint contract, the plaintiff must fail unless he establishes the joint liability of all the defendants, is no longer the rule of procedure in this state. By the former Code (section 274) the court was authorized, in an action against several defendants, to render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment was proper. The court in construing this provision did not limit its application to cases of joint and several liability, but considered it as authorizing a separate judgment where a separate liability of some of the defendants was established on the trial, although the cause of action as alleged in the complaint was joint only. McIntosh v. Ensign, 28 N. Y. 169; Fielden v. Lahens, 2 Abb. App. Dec. 111. Section 1205 of the present Code is quite as comprehensive as section 274 of the former Code, and requires the same construction."

McIntosh v. Ensign, 28 N. Y. 169, which was one of the cases cited by Judge Andrews in the extract above quoted, was a case where the plaintiff complained against five defendants, alleging a joint liability, where two of the defendants appeared and answered putting in a simple general denial. Three other defendants were nonresidents and do not appear to have been served, and a recovery was allowed against the answering defendants upon a several liability. In an opinion in that case, written by Wright, J., he says:

"The general rule of the common law undoubtedly was that in an action on an alleged joint contract the plaintiff must have recovered against all the defendants or been defeated. The recovery must have been against all or neither. If too many persons were made defendants, the plaintiff would have been nonsuited on the trial, if he failed in proving a joint contract. 1 Chitty's Pleading, 31. But that is not the present rule. A plaintiff is not now to be nonsuited because he has brought too many parties into court. If he could recover against any of the defendants upon the facts proved, had he sued them alone, the recovery against them is proper, although he may have joined others with them in the action against whom no liability is shown. Code, §§ 136, 274; Brumskill v. James, 11 N. Y. 294; Marquat v. Marquat, 12 N. Y. 336; Harrington v. Highham, 15 Barb. 524; Parker v. Jackson, 16 Barb. 33."

It was held in Brumskill v. James, above cited, that under the Code of Procedure, in an action on an alleged joint contract, the plaintiff might recover against one of several defendants who proved to be severally liable.

The judgment should be affirmed, with costs. All concur.