### TRUESDELL and wife vs. RHODES, impleaded, etc.

PLEADING: (1.) *Multifariousness.* (2, 3.) *Excess of defendants. By whom and how objection to be taken.* (4.) " *Unknown owners*" *of land made defendants*.

TAX DEED *on prior sale no cloud upon title under subsequent sale.*

1. Facts stated as a separate cause of action, if insufficient for the purpose, cannot, under any circumstances, render the pleading *multifarious*.
2. A demurrer for *defect* of parties defendant does not reach the case of an *excess* of such parties.
3. When one is made defendant against whom the complaint states no cause of action, the objection (by demurrer or motion to dismiss) must be taken by himself, and not by his co-defendants.

4. In an action under ch. 22, Laws of 1859, where the complaint alleges that certain persons whose names are unknown to the plaintiff, are heirs of A. B., the original owner of the land claimed by the plaintiff under his tax deed, and as such have an interest therein, they may be made defendants (under sec. 46), as " the unknown heirs of A. B., deceased, and the unknown owners" of said land.

5. A tax deed upon a prior sale, though made and recorded *after* one upon a subsequent sale, does not constitute any cloud upon the title of the grantee in the latter.

APPEAL from the Circuit Court for *Kenosha* County.

This action was brought by *Calvin Truesdell* and Sarah Truesdell, his wife, against *James Ozanne, Jr., Jonas W. Rhodes, Charles D. Rhodes,* and " the unknown heirs of Wm. Rhodes, deceased, and the unknown owners" of certain described lands. The facts alleged in the complaint are substantially as follows : 1. That sometime in 1857, William Rhodes died intestate, being at the time of his death owner and in possession of the lands in dispute, and left surviving him *Jonas W. Rhodes* and *Charles D. Rhodes,* his children, and other heirs-at-law to the plaintiffs unknown, and that no administrator had been appointed upon his estate in this state; that in 1857, *Jonas W. Rhodes,* who resides upon lands adjoining the tract in controversy, disclaimed any ownership in said tract, and requested the assessors of the town to assess the same separately from his lands, to owners unknown ; that the tract was thus assessed for the taxes of 1857, returned to the county treasurer for non-payment of taxes, and sold for the same to *Jonas W. Rhodes,* who purchased and took the certificate in the name of *James Ozanne, Jr.,* but without his knowledge or consent, and the certificate was never delivered to or accepted by said *Ozanne,* and he never acquired any title to or interest in the lands as against the plaintiffs. 2. That afterwards said tract was duly sold for the unpaid taxes of 1858, and on the 3d of January, 1866, a deed based upon said sale was duly executed to *Sarah Truesdell,* who was the holder and owner of the certificate of

said sale. The tax deed is set forth at length, and recites that the sale was made to the county of Kenosha, and that the certificate of sale was " duly assigned in writing" to said *Sarah Truesdell*. 3. That afterwards, in 1868, *Jonas W. Rhodes* procured to be issued and recorded a tax deed of said land running to *James Ozanne, Jr.*, based upon the sale for the taxes of 1857. 4. That since the execution of said deed and its delivery to *Jonas W. Rhodes* in the name of said *James Ozanne, Jr.*, said *Rhodes* has taken possession of the land, and with his workmen was engaged in cutting and carrying away timber therefrom, in fraud of plaintiffs' rights, and for the purpose of creating a cloud upon their title, and claims a paramount title and right of possession, and right to cut timber from the land, and refuses to desist at plaintiffs' request, to their damage over $100 ; and that the principal value of the land consists of the timber thereon growing, which is of the value of $1,000, and its removal will be an irreparable injury to the land and the plaintiffs. Prayer, 1. For an injunctional order restraining said *Jonas W. Rhodes*, his agents, etc., from selling or incumbering the land, and from cutting timber thereon, etc., until the further order of the court. 2. For judgment barring defendants, etc., of all right to or interest in said land, and removing the cloud from plaintiffs' title, declaring void said deed to *James Ozanne, Jr.*, adjudging the title to be in *Sarah Truesdell*, etc., etc.

*Jonas W. Rhodes* demurred to the complaint on the grounds : 1. That there was a defect of parties defendant. 2. That it did not state a cause of action. 3. That several causes of action were improperly joined. The demurrer was overruled, and the demurrant appealed.

*Webster & Schoff* (with *F. S. Lovell*, of counsel), for appellant, contended that an action under ch. 22, Laws of 1859, to bar the interest of the defendants in the premises, could not be joined with an action to remove

a cloud upon plaintiffs' title, such joinder not being within any provision of sec. 20, ch. 125, R. S.; that parties could not be sued as " unknown heirs," except in actions for a specific performance or foreclosure under ch. 229, Laws of 1860; that the county of Kenosha, as grantor in the deed sought to be set aside as a cloud upon the title, should have been made a defendant; and that the complaint did not show paramount title in the plaintiffs, and did not show in what manner the certificate of sale issued to the county of Kenosha was assigned to *Sarah Truesdell*, or whether the statutory requirements in that respect were complied with.

*A. G. Cole*, for respondent.

Dixon, C. J.    The complaint states a good cause of action under ch. 22, Laws of 1859, in pursuance of which the action is instituted. It contains every allegation, matter and thing required by section 37; and that is sufficient. It shows that the appellant is a proper party defendant under the provisions of section 35, as one of the heirs-at-law of William Rhodes, deceased, who owned the land at the time of the tax sale. The complaint being thus sufficient under the statute, the question is raised whether it is not rendered multifarious or double, and therefore demurrable, by reason of the other matters contained in it, namely, the allegations respecting the tax deed for the taxes of 1857, and the title claimed under it. If that deed could, under the circumstances, have any force whatever as against the deed to the plaintiff *Mrs. Truesdell*, or if it could in any manner affect her title by virtue of her deed, there might be something in the objection; but as it is, we think it wholly untenable. The deed to *Mrs. Truesdell* was for the taxes of 1858, one year later, which, it is well settled, cuts off all prior titles. 19 Wis. 74; 22 Wis. 225. In setting forth, therefore, the deed for the taxes of 1857, the

steps taken to obtain it, and the title claimed under it, the complaint states no cause of action against the appellant as for removing a cloud from *Mrs. Truesdell's* title on this ground. Such deed does not and from its very nature cannot, constitute a cloud upon her title. As every tax deed recites upon its face the date or year of the levy of the taxes, it must always appear, by the record in the register's office, whose deed is under the junior levy, and consequently whose title is paramount. This circumstance prevents every deed for prior taxes, it is immaterial when executed or when recorded, from operating as any impediment or obstruction in the way of a title acquired by virtue of a subsequent levy or assessment and sale for taxes. The deed here, under the prior levy, was executed and recorded after that to the plaintiff *Mrs. Truesdell*, which may have led to the supposition that it was in some way to be preferred, or operated as a cloud upon her title; which is clearly not so. In this respect, therefore, the allegations of the complaint are wholly impertinent. They set forth no cause of action or ground for relief, and consequently afford no foundation for demurrer that several causes of action have been improperly united. To sustain a demurrer for this reason, the complaint must contain two or more good grounds of suit, which cannot be properly joined in the same action, against the same defendant or different defendants. The rule is the same as that formerly prevailing in the court of chancery. See *Bassett v. Warner*, 23 Wis. 689–90, and cases there cited.

Another ground of demurrer is, that there is a defect of parties defendant. There may be an excess, but certainly no defect. *James Ozanne, Jr.*, may be one defendant too many; but that the demurrer does not reach. It is given by law only for a defect, and not for an excess. The complaint states no cause of action against him; but for that he must demur, or ask to be dismissed, and not his co-defendants. In support of

this objection, that there is a defect of parties defendant apparent on the face of the complaint, the position is that the "unknown heirs" of William Rhodes, deceased, should be made defendants by name, and that the proceeding against them as "the unknown heirs of William Rhodes, deceased, and the unknown owners" of the land in dispute, is unauthorized. This is a mistake on the part of counsel. Section 46 of the act under which this suit is instituted, expressly authorizes the proceeding against them as "unknown owners;" and the complaint, which alleges the fact, is in this respect sufficient.

*By the Court.*—Order affirmed.