Welsh vs. The Chicago & Northwestern Railway Company.

## WELSH VS. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Pleading — Misjoinder of causes of action.*

Complaint, that the plaintiff, on etc., was and still is owner in fee of a certain strip of land, part of a public street in front of his lot 1 in a certain city, and was entitled to the possession of said strip subject only to the right of the public to use it as a street; and that on a day named, defendant unlawfully entered into possession of said strip, and from thence hitherto has unlawfully withheld possession of it from the plaintiff, "by reason whereof plaintiff has been greatly injured in the use and occupation of said strip of land, and in the use of said lot, of which the same is a part and parcel, to his damage $2,000." The judgment demanded is "for the possession of said premises, and for $1,500, the plaintiff's damages occasioned by the withholding the same," with costs.   On demurrer for a misjoinder of causes of action : *Held,*

1. That the complaint is not necessarily to be understood as claiming damages for loss or injury to any part of said lot 1 except the strip first mentioned, since an injury in the use of such strip is necessarily an injury in the use of the lot of which it is a part.

2. That a *claim of damages* to the residue of the lot, without any averment of facts to support such claim, would not be a statement of any cause of action as to such residue, and would not, therefore, create any misjoinder.

APPEAL from the Circuit Court for *Fond du Lac* County. Ejectment, for a strip of land, part of a public street in front of plaintiff's lot, in the city of Fond du Lac. The complaint alleges an unlawful entry upon and withholding of said strip by defendant, by reason whereof plaintiff "has been injured in the use and occupation of said strip of land, and in the use and occupation of said lot one, of which the same is part and parcel, to his damage of two thousand dollars;" and it demands judgment for the possession of said premises, and for $1,500, "the plaintiff's damages occasioned by the withholding of the same," with costs.   Defendant demurred to the complaint, on the grounds, among others, that it did not state facts sufficient, etc.,

and that there was a misjoinder of causes of action in uniting a claim for damages to premises not alleged to be withheld or sought to be recovered, with one to recover for the unlawful withholding. The demurrer was overruled, and defendant appealed.

*Eldredge, Thorpe & Hurley,* for appellants:

1. The complaint states two causes of action, one for the recovery of specific real property, known as an action of ejectment, and the other for damages to other property, consequent upon the use of that sought to be recovered, known formerly as an action of trespass on the case. These cannot be united in the same complaint, much less, as here, in the same count in the complaint. *Smith v. Hallock,* 8 How. Pr., 73; *Hulce v. Thompson,* 9 id., 113; *Budd v. Bingham,* 18 Barb., 494. 2. The complaint shows the plaintiff entitled to only a *qualified* right of possession, and does not, in that respect, comply with the requirements of the statute relating to such actions. *Barclay v. Yeoman,* 27 Wis., 682.

*Gillet & Taylor,* for respondent contended that the *facts stated,* which entitle the plaintiff to damages, and not, in any case, the *damages claimed,* constitute the cause of action: that the only cause of action set out in the complaint was the unlawful withholding of the strip of land; and whether or not plaintiff was entitled to all of the damages claimed, was a matter to be determined upon the trial, and not by demurrer: that, in any case, the complaint did not state two perfect causes of action, and therefore was not demurrable (*Willard v. Reas,* 26 Wis., 540; *Bassett v. Warner,* 23 id., 673; *Lee v. Simpson,* 29 id., 333); and that the allegation of damage did not necessarily include any injury except that to the strip of land in the street, since that was part of the lot, and any injury to that was also an injury to the lot. As to the right of the plaintiff to maintain ejectment against one permanently occupying a public street, they cited 2 Wis., 158; 21 id., 609; 26 id., 624.

DIXON, C. J.  We agree with counsel for the plaintiff in both the positions taken by them in respect to this demurrer.

1. There are no allegations in the complaint setting forth a cause of action, except for the unlawful entry and withholding of the strip of the street by the defendant.  A claim for damages to the residue of the lot not included in the street and not taken by the defendant, as stated in the complaint, and which is unsupported by any averment of facts going to show that the plaintiff is entitled to recover such damages, is not a statement of a cause of action and not to be so regarded for any purpose.  It is but a mere unfounded claim for damages, harmless in itself, though perhaps liable to be stricken out on motion, which does not render the pleading demurrable for duplicity or for misjoinder of causes of action.  It requires the statement of facts going to constitute a separate cause of action —of facts sufficient for that purpose,— to make the pleading multifarious.   *Truesdell v. Rhodes*, 26 Wis., 215.

2. The allegation that the " plaintiff has been greatly injured in the use and occupation of said strip of land, and in the use and occupation of said lot one, of which the same is part and parcel," is not necessarily to be construed and understood as a claim of damage for loss or injury to any of the lot except the strip which the defendant is charged with having unlawfully entered upon and withheld the possession of from the plaintiff. As observed by counsel, an injury sustained by the plaintiff in the use of the strip is necessarily an injury sustained in the use of the lot, of which the strip is part and parcel.

*By the Court.* — Order affirmed.