HENRY STEDEKER, Respondent, *v.* HENRY O. BERNARD, Impleaded, etc., Appellant.

The common-law rule that in an action against several defendants upon an alleged joint contract, the plaintiff must fail unless he establishes the joint liability of all the defendants is no longer the rule of procedure in this State.

Under the Code of Civil Procedure (§ 1205), and it seems under the former Code of Procedure (§ 274), where in such an action a separate liability of one or more of the defendants is established on the trial, judgment may be taken against such defendant or defendants.

Where in such an action one of the defendants, while denying in his answer the joint liability avers facts which show that the plaintiff is entitled in any event to a separate judgment against him, the plaintiff may before trial of the issue so made apply for judgment against him.

In an action upon a check signed in the name of a firm, of which defendants were the individual members, defendants joined in an answer which denied that the check was executed by the copartnership, but averred in substance that it was made by defendant B. for his own purposes and not in the business of the firm, which was known to plaintiff when he received it. *Held*, that plaintiff was entitled to, and might apply to the court before trial for judgment upon the pleadings against B.

(Argued April 14, 1886; decided April 30, 1886.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made June 25, 1883, which affirmed a judgment against defendant Bernard, entered upon an order of Special Term.

The complaint in this action alleged in substance that defendants were copartners doing business under the firm name of H. O. Bernard & Co.; that said firm executed and delivered to plaintiff a check for $5,000, which was dishonored on presentation to the bank upon which it was drawn.

The answer denied that the check was made on behalf of or by the firm, or in its business, but averred in substance that it was executed by defendant Bernard individually in his private business, all of which was well known to plaintiff when he took it. On motion by plaintiff for judgment against the defendants on account of the frivolousness of the answer, the court gave judgment against Bernard and directed that the action be severed and prosecuted against the other defendants with leave to them to amend their answer.

*James M. Smith* for appellant. If the answer was good as to one defendant, it was good as to all. (*Thompson* v. *Erie R. Co.*, 45 N. Y. 468, 472, 474; 481.) If either of the defenses set up in the answer is available it cannot be stricken out as frivolous. (*People* v. *McComber*, 18 N. Y. 326.) The answer was not frivolous. (*Thompson* v. *Erie R. Co.*, 45 N. Y. 468, 474; *Munger* v. *Shannon*, 61 id. 251; *Briggs* v. *Bergen*, 23 id. 163; *Youngs* v. *Kent*, 46 id. 672; *Strong* v. *Sproul*, 53 id. 498; *Cook* v. *Warren*, 88 id. 39; *Dixon C. Co.*

v. *N. Y. Steel Works*, 57 Barb. 447.) The action being a joint, and not a joint and several action as against the defendants, it was error to enter a separate judgment against one of the defendants without an amendment of the complaint. (*Perry* v. *Chester*, 53 N. Y. 242; *Marks* v. *Mead*, 1 Abb. 63; *Newdecker* v. *Kohlberg*, 81 N. Y. 301; *Wright* v. *Delafield*, 25 id. 226; *Tooker* v. *Arnoux*, 76 id. 307; *Brown* v. *Ryckman*, 12 How. Pr. 313; *Kelly* v. *Barnett*, 16 id. 135.) The notice given to defendant, that the answer was not properly verified, is not available for the plaintiff. He did not comply with the requirements of the law. He should have specified the particular defects complained of. (*Snape* v. *Gilbert*, 13 Hun, 494; *Chemung Bk.* v. *Judson*, 10 How. 133; *Broadway Bk.* v. *Danforth*, 7 id. 264; *Sawyer* v. *Schoonmaker*, 8 id. 198.) The verification is not insufficient. It is a substantial compliance with the requirements of the Code. (*Wilken* v. *Gilman*, 13 How. Pr. 227; *Nienberger* v. *Webb*, 24 Hun, 347.) A denial upon information and belief is not frivolous. (*Nieuberger* v. *Webb*, 24 Hun, 347; *Cook* v. *Warren*, 88 N. Y. 37.) Where the complaint charges a joint liability and the answer puts that question in issue, the issue must be disposed of by a trial and not upon *ex parte* affidavits. (*Fielden* v. *Lahens*, 2 Abb. Ct. App. Dec. 111, 115, 118; *Wright* v. *Delafield*, 25 N. Y. 268, 270; *Kay* v. *Whittaker*, 44 id. 565, 571; *Thompson* v. *Erie R. Co.*, 45 id. 472, 473; *Youngs* v. *Kent*, 46 id. 674.)

*John Graham* for respondent. A judgment may be directed where an answer is frivolous. (Code of Civ. Pro., §·537.) When several defendants are sued and one interposes a frivolous defense or makes default, a separate judgment may be taken as to that one. (Code of Civ. Pro., §§ 1204, 1205, 1206; *Fielden* v. *Lahens*, 6 Abb. Pr. [N. S.] 341; *McIntosh* v. *Ensign*, 28 N. Y. 169; *Harrington* v. *Higham*, 10 Barb. 524; *Parker* v. *Jackson*, 16 id. 33; *Brumskill* v. *James*, 1 Kern. 294.) The answer was ineffective for any purpose. (*Fleischman* v. *Stern*, 90 N. Y. 110, 114.) Where a party elects to

take judgment against one of several liable upon the same security, the security becomes merged in the judgment. (*Candee* v. *Smith,* 93 N. Y. 349; *Davis* v. *Mayor, etc.,* 14 id. 506.)

ANDREWS, J. There is no denial in the answer, of the averment in the complaint that the defendant Bernard, executed the check in the firm name of H. O. Bernard & Co. Regarding the answer in the light most favorable to the defendant, it simply denies that the check was made by the copartnership, and this denial is coupled with the averment that it was made by the defendant Bernard, for his own purposes, and not in the business of the firm, which was known to the plaintiff when he received it. Upon the pleadings the defendant Bernard, by his own showing, was in any event liable upon the check. If the action had gone to trial upon the issue presented, and it had been found in favor of the defendants, the plaintiff would nevertheless have been entitled to judgment against Bernard individually. The common-law rule that in an action against several defendants upon an alleged joint contract, the plaintiff must fail unless he establishes the joint liability of all the defendants, is no longer the rule of procedure in this State. By the former Code (§ 274) the court was authorized in an action against several defendants, to render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment was proper. The court in construing this provision, did not limit its application to cases of joint and several liability, but considered it as authorizing a separate judgment where a separate liability of some of the defendants was established on the trial, although the cause of action, as alleged in the complaint, was joint only. (*McIntosh* v. *Ensign,* 28 N. Y. 169; *Fielden* v. *Lahens,* 2 Abb. Ct. App. Dec. 111.) Section 1205 of the present Code is quite as comprehensive as section 274 of the former Code, and requires the same construction. The plaintiff, however, was not, we think, bound to await the trial of the issue before applying for judgment against the defendant Bernard. He, not having denied that he made

the check, but on the contrary having alleged under oath, in his joint answer with the other defendants, that it was his individual obligation, and not that of the firm, cannot object if the plaintiff takes him at his word, and elects so to consider it. We perceive no good reason why the plaintiff may not in a case like this, apply to the court before the trial of the issue, for judgment against the party, who, in his answer, while denying the joint liability, at the same time avers facts which show that the plaintiff is entitled in any event, as against him, to a separate judgment. We are not concerned with the position in which the other defendants will be placed by the separate judgment against Bernard. They do not appeal, and whether the judgment against Bernard merges and extinguishes any remedy against them, it is unnecessary to consider. (See *Candee* v. *Smith*, 93 N. Y. 349.)

The judgment should be affirmed.

All concur.

Judgment affirmed.