## FERRIS *et al. v.* HARD *et al.*

### (*Superior Court of Buffalo, Special Term.* May, 1888.)

ACTION—SEVERANCE—DEATH OF PARTY.

　　In an action to foreclose, a prior mortgagee was made a party defendant, and answered, setting up his mortgage as a superior lien. Pending a reference on that issue, he died, and plaintiff proceeded with the reference without an order reviving or continuing the action against his representatives. On filing the referee's report, which sustained the superiority of the deceased mortgagee's lien, plaintiff waived all claim to priority over such lien, and moved for judgment of foreclosure, according to the report, and, in effect, that the action be severed, so far as the deceased defendant was concerned. *Held* proper practice, under Code Civil Proc. N. Y. §§ 1204, 1205, providing that where, in an action against two or more, a several judgment is proper, the court may require the plaintiff to take judgment against one or more of the defendants, and direct that the action be severed, and proceed against the others.

Motion to confirm report of referee. Code Civil Proc. N. Y. § 1205, is as follows: "Where the action is against two or more defendants, and a several judgment is proper, the court may, in its discretion, render judgment, or require the plaintiff to take judgment against one or more of the defendants; and direct that the action be severed, and proceed against the others as the only defendants therein."

*E. C. Hawkes*, for the motion.　　*George Wadsworth, contra.*

TITUS, J. This action is brought to foreclose a mortgage made by the defendant Samuel B. Hard and wife to Joseph Book, and by him assigned to the plaintiff. The defendant Gideon Hard was a prior mortgagee, and the complaint contained the usual allegation that he had or claimed some interest in the mortgaged premises, which was subsequent, inferior, and subject to the lien of the plaintiff's mortgage. Gideon Hard interposed a separate answer, setting up his mortgage, and asserting the superiority of his lien. The cause was referred to M. P. Fillmore, Esq., to try the issues raised by the several answers of the defendants; and after the evidence concerning the mortgage of Gideon Hard had been taken, and it was apparent that the referee must report in his favor on the issue raised by his separate answer, Gideon Hard died, and the plaintiff's attorney, without the appointment of a representative for the deceased, or the substitution of any one in his behalf, proceeded with the action before the referee, who made his report, whereby he finds, as a question of fact, that the mortgage to Gideon Hard is a prior lien over the mortgage of the plaintiff in suit, and, as a conclusion of law, that the plaintiffs are entitled to the usual judgment of foreclosure and sale for the amount due, with costs, except as against Gideon Hard and other defendants, who had prior liens; that such sale should be subject to the lien of the mortgage to Gideon Hard; and that the plaintiff should recover any deficiency which might exist against the mortgagor, Samuel B. Hard.

The principal facts are agreed upon by the attorneys for the respective parties. It was conceded on the argument of this motion, and is so stated in the defendants' brief, that Gideon Hard was not a necessary party to the action. It is apparent that he was not a necessary party, and would undoubt-

edly, on his own motion, have been stricken out as such, under the general allegation alone in the complaint, that his lien was inferior and subject to the plaintiff's mortgage. While the report of the referee does not attempt to dispose of the issue raised by Gideon Hard by his answer, he would, if alive, or if represented in court, be entitled to judgment dismissing the plaintiff's complaint as to himself, with costs, and such a motion can be made whenever his representatives shall appear in court and ask it.

The plaintiff's attorney has submitted with his papers a stipulation waiving all claim as to priority of plaintiff's mortgage over the mortgage given to Gideon Hard, and that said mortgage shall be deemed and taken to be a prior lien. The plaintiff now asks for judgment of foreclosure and sale of the premises acccording to the report of the referee, and, in effect, as far as Gideon Hard is a party, that the action be severed, and he be allowed to proceed to judgment without him. I have given the points raised by Mr. Wadsworth, who was Gideon Hard's attorney, in opposition to this motion, such examination as their importance seemed to deserve, and am of the opinion that the plaintiff is regular in his practice, and entitled to judgment. It was provided by section 274 of the old Code that, "in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper." Many cases arose under this section in which several judgments had been given. It will only be necessary to notice one, which would, under the former Code, be decisive of the questions involved here. In *Hancock* v. *Hancock*, 22 N. Y. 568, the action was to foreclose a mortgage. One Smith, as county treasurer, was made a defendant, as the holder of a prior mortgage upon the same premises. Before the trial Smith had been succeeded in office by Seabury, but the latter did not appear, and was not substituted in the action as a party defendant. The cause was tried, and judgment of foreclosure and sale ordered. Judge Comstock, in writing the opinion of the court of appeals, says, in reference to the right of the plaintiff to proceed to judgment without substituting Seabury in place of Smith: "An admitted prior mortgagee is never a necessary party to a foreclosure suit; and consequently, if he dies, or his interest devolves on another pending the action, the proceedings may go on without reviving or continuing them against his successor." Sections 1204 and 1205 of the new Code are substantially a re-enactment of section 274 of the former Code, and would seem to be much broader in their language. In *Luce* v. *Alexander*, 4 Civ. Proc. R. 428, it was held that under sections 1204, 1205, Code, the court might render judgment against one or more of the plaintiffs or defendants, and direct the action to proceed against the others. This section has recently been under consideration in the court of appeals, (*Stedeker* v. *Bernard*, 102 N. Y. 327, 6 N. E. Rep. 791,) and it was there held that a judgment might be taken against one of the two copartners, in an action on a note made by the firm, where the answer of one of the defendants showed a separate liability as to him. Judge Andrews, in speaking of the practice under section 274 of the old Code, says: "The court, in construing this provision, did not limit its application to cases of joint and several liability, but considered it as authorizing a separate judgment, when a separate liability of some of the defendants was established on the trial, although the cause of action, as alleged in the complaint, was joint only," and that "section 1205 of the present Code is quite as comprehensive as section 274 of the former Code, and requires the same construction;" citing *McIntosh* v. *Ensign*, 28 N. Y. 169; and *Fielden* v. *Lahens*, 2 Abb. Dec. 111.

In this case the court can grant judgment against one or more of the defendants, and in favor of the others, as appears from the facts before me. I car see no reason why the plaintiff may not, on the death of one of such defe 'nts, proceed with his action against such of the rest as are liable.

The right of the plaintiff to 7 per cent. interest on the mortgage, as allowed by the referee, seems to have abundant authority to sustain it.  *O'Brien* v. *Young*, 95 N. Y. 428.

I do not think the order denying the plaintiff's motion to strike out the name of Gideon Hard, as party defendant, has any bearing on the case, as it was denied without prejudice to any further action or proceeding by the plaintiff.  This seems to me to be a proper case for an additional allowance to the plaintiff, but the sum cannot, under section 3253 of the Code, exceed $200, which sum is allowed the plaintiff.  The report of the referee must be confirmed, and judgment ordered accordingly.