[No. 13253.   Department One. — November 27, 1891.]

WILLIAM GRUHN, APPELLANT, *v.* BERTHA STAN-
LEY ET AL., RESPONDENTS.

JOINT ACTION — PLEADINGS — DENIAL OF JOINT LIABILITY — ADMISSION OF
INDIVIDUAL LIABILITY — FINDINGS. — In an action against two defend-
ants jointly, to recover for moneys loaned and advanced to them, where
one of the defendants, answering separately, denies specifically each alle-
gation of the complaint, so far as applying to such defendant, individu-
ally or jointly with the co-defendant, and the co-defendant in a separate
answer admits his individual indebtedness to the plaintiff, and denies
each allegation so far as applicable to the *defendants,* findings to the
effect that the defendants were not indebted to the plaintiff for moneys
loaned and advanced by the plaintiff to the defendants must be con-
strued to mean merely that the defendants were not jointly indebted,
and not as negativing the individual liability conclusively admitted by
the pleadings.

ID. — MISJOINDER OF PARTIES — WAIVER — SEPARATE JUDGMENT ON PLEAD-
INGS. — Where no misjoinder of parties is specially pleaded in a joint
action against two defendants it is waived; and it is error to give judg-
ment in favor of both defendants, when the plaintiff is entitled to a sepa-
rate judgment on the pleadings against a defendant whose answer admits
his individual liability to the plaintiff for the amount claimed, and de-
nies only the joint liability of the defendants.

FINDINGS — ADMISSION OF PLEADINGS — NEW TRIAL. — There is no necessity
for any finding upon a fact admitted by the pleadings; and the failure
to find thereupon is not ground for a new trial.

APPEAL from a judgment of the Superior Court of
the city and county of San Francisco, and from an
order denying a new trial.

The facts are stated in the opinion.

*H. H. Lowenthal.* and *Charles J. Heggerty,* for Appel-
lant.

*Ferral & Payson,* for Respondents.

VANCLIEF, C. — This is an action to recover one thou-
sand dollars, "for money loaned and advanced" by
plaintiff to defendants, in which the trial court gave
judgment for the defendants. The plaintiff appeals
from the judgment, and from an order denying his mo-
tion for a new trial.

The complaint avers that the "defendants . . . . are indebted to the plaintiff in the sum of one thousand dollars ($1,000), for and on account of moneys loaned and advanced by said plaintiff to said defendants," and "that defendants promised and agreed to pay said sum to plaintiff upon demand," etc.

By her separate answer, the defendant Bertha, for herself alone, specifically denies each allegation of the complaint, so far as it applies to her. But she does not plead any misjoinder of defendants. The separate answer of the defendant William denies that the *defendants* are indebted, etc., for moneys loaned or advanced to the *defendants;* denies that *defendants* promised or agreed to pay, etc.; but "avers that he is individually indebted to plaintiff for money loaned to this defendant personally by said plaintiff, but that said defendant Bertha Stanley was not a party to said last-mentioned transaction."

The court found, as facts, that the *defendants* were not indebted to plaintiff for money loaned or advanced by plaintiff to *defendants;* that *defendants* did not agree or promise to pay said sum, or any sum; and that there was no sum of money due from *defendants* to plaintiff by reason of money loaned by plaintiff to *defendants;* and, as a conclusion of law, found "that *defendants* are entitled to judgment, and for their costs," taxed at $11.50.

These findings must be construed to mean, merely, that the defendants were not jointly indebted, because the defendant Bertha was not indebted at all, since there was no issue as to the indebtedness or liability of the defendant William. His answer conclusively admits that he, individually, contracted the debt, and denies only that Bertha was a party to the contract.

The same issue, and no other, is made by the answer of Bertha, who denies that she, individually or jointly with William, contracted the debt or promised to pay it. The findings simply negative the alleged indebtedness and liability of the defendant Bertha; and so understood, they are justified by the evidence, which tends to

prove that the loan was made to William alone. It is admitted that he applied for the loan to himself, and that the money loaned was delivered to him. There is no evidence that the defendant Bertha received any part of the money, or any benefit therefrom.

There was no necessity for any finding as to the separate individual liability of William, for that was admitted and conclusively established by the pleadings, to the full extent of the sum demanded (*Walker* v. *Brem,* 67 Cal. 599; *Taylor* v. *C. P. R. R. Co.,* 67 Cal. 615); and this is consistent with the finding that the defendants were not jointly liable. The motion for new trial was, therefore, properly denied.

But since no misjoinder of the defendants was specially pleaded, if any there was it was waived; and the court erred in giving judgment in favor of both defendants, as the plaintiff was entitled to a judgment on the pleadings, against the defendant William, for the full sum demanded in the complaint. (Code Civ. Proc., secs. 433, 434; *Rutenberg* v. *Main,* 47 Cal. 213; *Gillam* v. *Sigman,* 29 Cal. 637; Pomeroy on Remedies and Remedial Rights, secs. 289–292.)

I think the order denying a new trial, and the judgment in favor of the defendant Bertha Stanley, should be affirmed, but that the judgment in favor of William H. M. Stanley should be reversed, and that the court below should be directed to render judgment for plaintiff against William H. M. Stanley, on the pleadings, for the full sum demanded in the complaint.

FOOTE, C., and BELCHER, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the order denying a new trial, and the judgment in favor of the defendant Bertha Stanley, are affirmed, and the judgment in favor of William H. M. Stanley is reversed, and the court below is directed to render judgment for plaintiff against William H. M. Stanley, on the pleadings, for the full sum demanded in the complaint..