[Argued November 29; decided December 27, 1897.]

## TILLAMOOK DAIRY ASSOCIATION *v.* SCHERMERHORN.

(51 Pac. 438.)

PLEADING — AMENDMENT BY OMITTING A PARTY.— The rule in Oregon concerning amendments to complaints by omitting some parties originally sued is that when it appears, in an action upon a joint contract, that one or more of the defendants are not liable, they may be dropped and the cause continued as to the others, the test being whether there could have been a recovery against any of the defendants had they been sued alone. This rule is influenced by section 60, subdivision 3, Hill's Ann. Laws, and sections 244 and 245 concerning separate judgments against different defendants: *Sears* v. *McGrew*, 10 Or. 48; *Ah Lep* v. *Gong Choy*, 13 Or. 205, and *Hamm* v. *Basche*, 22 Or. 513, approved and followed.

IDEM.— It is an appropriate exercise of discretion for a trial court to permit a complaint to be amended before trial by omitting the name of a defendant: *Talbot* v. *Garretson*, 31 Or. 256, applied.

From Multnomah: E. D. SHATTUCK, Judge.

Action by the Tillamook Dairy Association against Barnet S. and Charles F. Schermerhorn as partners. The defendant Charles F. Schermerhorn filed a separate answer in abatement of the action, and the defendant Barnet S. Schermerhorn demurred. When the demurrer was brought on for hearing, the plaintiff applied for leave to amend its complaint by striking out the name of Charles F. Schermerhorn, which was granted, and the cause dismissed as to him. The plaintiff thereupon filed an amended complaint, setting out the same cause of action, and alleging that the defendant Barnet S. Schermerhorn is doing business under the firm name of Schermerhorn and Company, and demanded judgment accordingly. Upon motion of defendant, the amended complaint was stricken from the files; and the action of the court in this regard is assigned as error, and constitutes the basis of the sole question made upon the appeal.

Reversed.

For appellant there was a brief and an oral argument by *Mr. Wallace W. Thayer.*

For respondent there was a brief and an oral argument by *Mr. A. King Wilson.*

Mr. Justice Wolverton, after stating the facts, delivered the opinion of the court.

It is contended by the defendant that, the action having been brought against two parties upon an alleged joint contract, the complaint could not be amended so as to state a cause of action against one

of them only; that such an amendment is, in effect, the statement of a new and different cause of action, which it is thought is not permissible under the practice. The idea formerly obtained that a joint obligation or contract constituted an indivisible demand. The several individuals jointly contracting were considered as a single entity, and, to describe that entity, it was necessary to name the identical individuals bound. A description which omitted any that were bound, or included others not bound, would not identify the entity. Hence it was requisite that all the individuals composing it should be charged, and no more; otherwise, the contract sued on would not be the one made. So, it was considered that an amendment which omitted a party formerly charged jointly with another was a statement of a new and distinct cause of action. Modern code practice, however, has materially encroached upon this idea, and a nonjoinder or misjoinder of parties defendant does not necessarily nonsuit the plaintiff or defeat the action. It is provided by statute that when an action is against two or more defendants, and "all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant, or defendants, if the action had been against them, or either of them alone": Hill's Ann. Laws, § 60, subdivision 3. Furthermore, "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants"; and, "in an action against several defendants, the court may, in its discretion, render judgment against one or more

of them, whenever a several judgment is proper, leaving the action to proceed against the others": Hill's Ann. Laws, §§ 244, 245.   A statute identical in effect with these sections has received judicial construction in New York, and it is there held that "a plaintiff is not now to be nonsuited because he has brought too many parties into court.   If he could recover against any of the defendants upon the facts proved had he sued them alone, the recovery against them is proper, although he may have joined others with them in the action against whom no liability is shown": *McIntosh* v. *Ensign*, 28 N. Y. 169, 172.   And under a statute of similar import more recently enacted, and which it was declared should receive the same construction as the former, ANDREWS, J., says: "The common-law rule that, in an action against several defendants upon an alleged joint contract, the plaintiff must fail unless he establishes the joint liability of all the defendants, is no longer the rule of procedure in this state.   By the former code (section 274), the court was authorized in an action against several defendants to render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment was proper.   The court, in construing this provision, did not limit its application to cases of joint and several liability, but considered it as authorizing a separate judgment where a separate liability of some of the defendants was established on the trial, although the cause of action, as alleged in the complaint, was joint only": *Stedeker* v. *Bernard*, 102 N. Y. 327, 330 (6 N. E. 791).

From these authorities the true and  reasonable

construction of the several sections of our statute alluded to would appear to be that when, in an action upon a joint contract, it is determined that one or more of the defendants are not liable, but that one or more of the others are, judgment may be given and rendered against those liable, whether their liability be joint or several, and the other defendants may be dismissed. "The test," says EMOTT, J., in *McIntosh* v. *Ensign*, 28 N. Y. 169, "is whether the plaintiff can recover in the action against any of the defendants if they had been sued alone." This view seems to be generally supported by judicial opinion: See *Rutenberg* v. *Main*, 47 Cal. 214; *Gruhn* v. *Stanley*, 92 Cal. 86 (28 Pac. 56); *Lewis* v. *Clarkin*, 18 Cal. 399; *Lewis* v. *Williams*, 3 Minn. 151; *Makepeace* v. *Davis*, 27 Ind. 352; *Truesdell* v. *Rhodes*, 26 Wis. 215; Pomeroy's Code Remedies, §§ 289–292. The decisions of this court are in exact harmony with the interpretation elsewhere. See *Sears* v. *McGrew*, 10 Or. 48; *Ah Lep* v. *Gong Choy*, 13 Or. 205 (9 Pac. 483); *Hamm* v. *Basche*, 22 Or. 513 (30 Pac. 501). An effort was made to distinguish these cases as resting upon contracts not joint, but either several or joint and several, and for that reason not in point. But, in the light of the other adjudications referred to, we regard this as a "distinction without a difference." If A, B and C are sued upon a joint contract or obligation, and it should turn out that C was not bound, under the rule judgment could go against A and B, while the complaint would be dismissed as to C, to the same effect as if the action had been instituted against all upon a several or joint and several contract, and it was shown that C was not lia-

ble with the others. Nor could it make any difference
that several persons were sued as jointly bound, and
it should appear that one only was obligated. Judg-
ment could be had as to him, and the complaint dis-
missed as to the others: *Stedeker* v. *Bernard*, 102 N.
Y. 327 (6 N. E. 791), was an action against several de-
fendants, who, it was alleged, were partners, doing
business under the firm name of H. O. Bernard and
Company, and which firm had executed and delivered
its check to plaintiff. The answer denied that the
check was made in behalf of or by the firm, but averred
that it was executed by Bernard individually in his
private business. The court, on motion of plaintiff
for judgment on account of the frivolousness of the
answer, gave judgment against Bernard, and allowed
the action to be continued against the other defend-
ants. The judgment against Bernard singly was sus-
tained, although the action was instituted upon an
alleged joint obligation of several doing business as
partners under a designated firm name. Apply the
test indicated by EMOTT, J., in *McIntosh* v. *Ensign*, 28
N. Y. 169, to the case at bar, and we have but to look
to the amended complaint, the allegations of which
must be taken as true for the purposes of the motion,
to determine whether the plaintiff would have been
entitled to a judgment against Barnet S. Schermerhorn
if the action had been instituted against him singly;
and from the averments therein it clearly appears
that he would have been so entitled, although he had
no cause of action against Charles F. Schermerhorn.

The amendment was before trial, and germane to
the subject-matter of the controversy, and one proper

to have been made under the sound discretion of the court: *Talbot* v. *Garretson*, 31 Or. 256 (49 Pac. 978). The court below, in the exercise of such discretion (Hill's Ann. Laws, § 101), granted leave to amend by striking out the name of Charles F. Schermerhorn, but, upon motion to strike the amended complaint from the files, concluded that the amendment was one that he had not the power to allow, and sustained the motion. In this it was in error, and the judgment will therefore be reversed and remanded for such further action as may be deemed advisable in the premises.

REVERSED.