## GALLIGAN et al. v. DE LORENZO et al.

### (Supreme Court, Appellate Term. February 23, 1905.)

ACTIONS—JOINT LIABILITY—PROOF OF SEVERAL LIABILITY.

Where plaintiff sued several defendants on an alleged joint liability, and proved only a separate liability against one of the defendants, he was entitled to judgment against him.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 415–421.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Patrick Galligan and others against William De Lorenzo and others. From a Municipal Court judgment in favor of plaintiffs, defendants appeal. Affirmed in part and reversed in part.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Rosin & Eno, for appellants.
Eidlitz & Hulse, for respondents.

PER CURIAM.   It is now settled that the common-law rule that in an action against several defendants upon an alleged joint liability the plaintiff must fail unless he establishes the joint liability of all the defendants is no longer the rule in this state under our Code of Civil Procedure, and now, in such an action, if a separate liability of one of the defendants be established upon the trial, judgment may be taken against him.   Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791.   In the case at bar the plaintiff established a cause of action against Licurgo De Lorenzo, and as to him the judgment must be affirmed, with costs.   No liability was shown on the part of the other defendants, and as to them the judgment must be reversed.   As to the counterclaim, no motion for a dismissal was made at the trial, no judgment was rendered by the court, and the plaintiffs do not appeal from the judgment as entered.

Judgment affirmed, with costs, as against Licurgo De Lorenzo, and as to the other defendants the judgment must be reversed, and a new trial granted, with costs to said defendants to abide the event.