Gardiner, Ch. J.
 

 The first exception relates to the insufficiency of the certificate of the commissioners, in not stating, in pursuance of the direction of the judge who allowed the commis
 
 *292
 
 sion, that it was by them deposited in the post office. The direction indorsed on the commission was as follows: “ This commission when executed is to be enclosed in a wrapper, and deposited in the post office by the commissioners at the city of Toronto, directed to Wells Brooks, Esq.", county clerk of the county of Erie, Buffalo, Erie county, New-York, and a certificate thereof indorsed upon the wrapper across the seals of the same by the commissioners.” The meaning of the direction is plain. The word “ thereof” refers at most to those acts by the commissioners, to which they could certify before parting with the commission. It cannot be construed as including a deposit of the papers in the post office at Toronto, without the absurdity of supposing that the judge intended that the commissioners should certify to an act done by them, before its performance. Such a certificate would carry a falsehood upon its face. Every one would know that it could not have been made
 
 after
 
 the deposit; for the commission would then be in the custody of the post office department. And the receipt of the documents through the mail, would be stronger evidence that the endorsement was made before the deposit,- than the most precise and unscrupulous certificate could be of the contrary. The direction, if understood as the defendant insists it should be, would be void. There is nothing in the statute requiring it. And no judge, under color of directing the manner in which a commission should be returned, can deprive a party of the benefit of the statute, unless he can procure a commissioner who will certify to a falsehood. The objection was properly overruled.
 

 The next exception was to the decision of the judge in allowing the notes annexed to the commission to be read' in evidence. The objection was, that there was no sufficient evidence that they were the
 
 same
 
 notes, proved by the witnesses examined by the commissioners. The notes were respectively marked A and B. They were referred to by the witnesses as being thus marked ; a copy of each was also given, with a statement, that the witnesses had. written their names upon each note. All this appeared in the depositions.
 

 
 *293
 
 The commissioners then certify, that the witnesses testified as
 
 above written,
 
 that they subscribed their names on the back of the notes attached to such answers, which were produced and shown to them. The notes offered in evidence corresponded with the description given, in every particular, and were indorsed with the names of the commissioners in pursuance of the statute. (2
 
 R. S.
 
 394, § 16,
 
 sub.
 
 3.) This is all that is necessary to identify the papers. The question indeed w;as not very confidently argued by the counsel for the defendants, and was properly diposed of upon the trial.
 

 The defendants’ counsel requested the judge to instruct the jury, “ that if they were satisfied that, at the time of making the notes upon which the action was brought, the defendants were
 
 husband and wife,
 
 their verdict must be for the defendants.” This was refused; and the judge charged, that under the circumstances they might find a verdict against the husband alone. To this refusal, the defendants excepted. Whatever may have been the rule at common law, when husband and wife were joined in an action upon contract, made during coverture, there is no doubt that the ruling of the judge is sustained by the provisions of the code of procedure. The 274th section provides, that judgment may be given foiy or against, one or more of several defendants; and by the third subdivision of the 136th section, if all the defendants have been served with process, judgment may be taken against any, or either of them severally, when the plaintiff would be entitled to such judgment, if the action had been against them, or any of them alone. The defendant admits that James, the husband, would have been liable if he had been the only defendant, as he obviously would, since the contract counted upon was in law his, exclusively. Ho relics upon the misjoinder, and upon the general rule of the common law, that where a joint contract is the subject of the suit, the recovery must be against all the defendants, or neither. This was the inconvenience the above provisions of the code were designed to remedy, and no case is likely to be presented, in
 
 *294
 
 which their application would be more manifestly equitable and just than the present.
 

 The judgment of the supreme court should be affirmed.
 

 Denio, Johnson, Allen, Edwards and Darker, Js., concurred in the foregoing opinion. Selden, J., dissented on the question last discussed.
 

 Judgment affirmed.