## OWEN *v.* CONNER *et al.*

*(City Court of New York, General Term.    October 6, 1890.)*

JUDGMENT—RENDITION AGAINST ONE OF SEVERAL DEFENDANTS.

Under Code Civil Proc. N. Y. § 1204, providing that judgment may be given for or against one or more plaintiffs and for or against one or more defendants, the plaintiff, in an action against two persons as joint debtors, may recover against one, if individually liable.

Appeal from trial term.

Action by William H. Owen against John R. Conner, impleaded with another.    There was judgment for defendants, and plaintiff appeals.    Code Civil Proc. N. Y. § 1204, provides that judgment may be given for or against one or more plaintiffs and for or against one or more defendants.    It may determine the ultimate rights of the parties on the same side, as between themselves, and it may grant to a defendant any affirmative relief to which he is entitled.

Argued before McADAM, C. J., and VAN WYCK, J.

*E. More*, for appellant.    *Lawton & New*, for respondents.

PER CURIAM.    The defendants were sued as joint debtors, and the trial judge submitted to the jury the question whether there was a joint obligation or not; in other words, whether the defendants were partners.    The plaintiff's counsel requested the court to charge that if Mr. Conner was carrying on business himself, and not as partner of the co-defendant, he was liable on the cause of action established.    The trial judge declined so to charge, because the action was not brought against Conner individually.    This was error.    The Code has modified the common-law rule that, in an action upon an alleged joint contract, the plaintiff must recover against all the defendants or be defeated in the action, so that now a verdict may go against one in favor of the other.    Code, § 1204; *Brumskill* v. *James*, 11 N. Y. 294; and see notes to Bliss, Code, under § 1204, *supra*.    Under the rule established by the Code, the plaintiff was entitled to a verdict against Conner whether the liability established against him was a joint or individual obligation, and the only question to be determined was whether there was a liability against him in either form.    It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.