(8 Misc. Rep. 79.)

HAND v. ROGERS et al.

(City Court of New York, General Term. April 23, 1894.)

PLEADING—ANSWER—DENIALS.

    Where a complaint in an action on a contract alleges that "at all times hereinafter mentioned" defendants were and still are copartners under the firm name of R. & Co., and the answer admits that defendants are partners under such name, but denies every other allegation of the complaint, it puts in issue the allegation that defendants were partners at the time the contract was made.

Appeal from trial term.

Action by Elwood S. Hand against Charles P. Rogers and others. From a judgment entered on a verdict directed by the court in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before NEWBURGER and CONLAN, JJ.

John Henry Hull, for appellants.

Charles De Hart Brower, for respondent.

CONLAN, J. This is an appeal by the defendants from a judgment entered upon a verdict directed by the trial judge. The action is brought to recover upon a contract to pay $205 in trade on the order of the plaintiff, the consideration therefor being the delivery of five copies of the book descriptive and illustrative of the Hotel Iroquois at Buffalo, N. Y., containing an advertisement of the

business of Charles P. Rogers & Co., the contract bearing date November 30, 1889. The allegation in the complaint charging the defendant with the default is as follows:

"On information and belief that at all the times hereinafter mentioned the defendants were, and still are, copartners doing business in the city, county, and state of New York, under the firm name and style of Charles P. Rogers and Co."

The answer, verified February 7, 1894, admits that the defendants are copartners under the name of Charles P. Rogers & Co., but denies each and every other allegation in the complaint; thus denying that they were copartners in November, 1889, when the contract was made. The evidence shows that Charles P. Rogers & Co., subsequent to the making of the agreement, sent to the plaintiff a copy of the matter for advertisement, and it was inserted in the book; and that in May, 1890, the five books called for by the contract were sent to Charles P. Rogers & Co. at New York City, by the American Express Company, and the charges for transportation prepaid, and the evidence of the express company's driver shows that the goods were delivered to Charles P. Rogers & Co. at Seventeenth street and Sixth avenue. The plaintiff offered no evidence on the trial to prove the partnership of the defendants, and appears to have relied solely upon the admission in the answer that the defendants are copartners as admitting the truth of the averment in the complaint that "at all the times hereinafter mentioned the defendants were and still are copartners;" and there is no evidence to show that the defendants were copartners at the time the contract was made between the plaintiff and Charles P. Rogers & Co., or who composed that firm at that time. The answer clearly puts in issue the allegation in the complaint that the defendants were copartners at the time the contract was made, and the failure of the plaintiff to establish the fact of copartnership by evidence was such a failure of proof as to entitle the defendants to a dismissal of the complaint, and the denial of the motion made by the defendants' counsel for that purpose at the close of the plaintiff's case was therefore error. Charles P. Rogers was called as a witness on behalf of the defendants, and asked who constituted the firm of Charles P. Rogers & Co. at the time this agreement was made— March 30, 1889. This question was objected to, and excluded on the ground of the admission in the answer. This was error. The evidence was competent under the issues framed by the pleadings, and should have been received. The respondent insists that the joinder of unnecessary parties, either plaintiff or defendant, is immaterial, but the authorities cited by him to sustain his proposition do not bear upon the case at bar. For the reasons above referred to this judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.