WILLIAM H. SMITH, Respondent; *v.* ORRIN WESTON, Appellant, Impleaded, etc.

FIRST NATIONAL BANK of Friendship, Respondent, *v.* ORRIN WESTON, Appellant.

*Fraudulent indorsement by one partner of a promissory note, outside the firm business — when the holder will be charged with knowledge — when an action may be severed — opening of a default — when a defendant is estopped from setting up a defense.*

The indorsement of a note with the firm name by a member of such firm for a purpose outside the business of the firm, and after the dissolution thereof, and the delivery of the note to a person who has knowledge of such facts, renders the person receiving the note chargeable with notice of the want of authority of the partner making such indorsement to so indorse the said note, and also charges him with complicity in the fraud involved.

In such a case the law will not lend its aid to the enforcement of the claim on the note against the innocent members of such firm, even as a punishment for their neglect to answer the complaint in an action brought upon such note, if such neglect can be reasonably excused, consistently with good faith on their part.

It is only when the liability of two or more defendants, in an action brought against all the defendants jointly on a contract, is shown to be several and to bind only one — or less than all — of the parties sought to be charged, that judgment may be taken against those defendants who are in default, the action be severed and the proceedings be continued against those who have answered.

*Semble,* that it is a sufficient reason to justify the opening of the default of one of several defendants — where such defendant has a good defense upon the merits — that the defaulting defendant relied upon the assurance of his brother (who fraudulently indorsed a promissory/note, the subject of the action, with the name of the firm of which he had been a member), to the effect that the balance due on the note would be paid before judgment could be taken upon the same.

Before the defendant in an action can be held to be estopped from setting up a meritorious defense thereto against the unjust claim of the plaintiff, it should appear that the plaintiff has been prejudiced by the loss of some substantial advantage which would have been his had that defense been interposed within the time prescribed by law.

APPEAL by the defendant, Orrin Weston, from an order of the Supreme Court, made at the Erie Special Term on the 19th day of December, 1893, and entered in the office of the clerk of the county of Erie denying the defendant's motion to open his default and to permit him to defend the action.

*J. H. Waring,* for the appellant.

*C. S. Carey,* for the respondent.

DWIGHT, P. J.:

The action was to charge the defendants, William W. Weston, Orrin Weston and Abijah Weston, as indorsers of a promissory note of $2,000, made by the firm of George Van Campen & Sons, payable to the order of J. K. Van Campen, and bearing, besides the indorsement of the payee, an indorsement in the firm name of "Weston Brothers."

The complaint alleged that the firm so named was a co-partnership consisting of the three defendants; that they indorsed the note in their firm name, and that it was afterwards, and before maturity, duly transferred to the plaintiff for value.

All the defendants were personally served in the action about the 1st of February, 1893. The defendant Abijah, alone, answered the complaint; he denied that the indorsement in question was made by or for the firm of Weston Brothers, but alleged that it was made by the defendant William W. after the dissolution of the firm, and without the knowledge or consent of the defendant answering; that it was not made in the business of the firm, but solely for the accommodation of the makers of the note, and that the plaintiff took the note with notice of all those facts. On the trial of the issues thus joined the facts above stated were proved without contradiction and a verdict was directed for the defendant Abijah, and judgment was entered dismissing the complaint as to him. Immediately after the entry of that judgment the plaintiff caused judgment, for the amount of the note, to be entered, as by default, against the defendant William W. Weston and this appellant, and it is from the denial of the motion of the latter to open the default, as to him, that this appeal was taken.

The papers on this appeal show the same defense existing in favor of this appellant as that which has been established in favor of the defendant Abijah. That defense is ample and highly meritorious. The indorsement by William was a fraud on the other defendants, and knowledge that it was made outside the business of the firm, and after its dissolution, charged the plaintiff with notice of the want of authority to make it, and with complicity in the fraud involved.

(*Gansevoort* v. *Williams*, 14 Wend. 138.) In such a case the law will not lend its aid to the enforcement of the claim even as punishment for neglect to answer, if such neglect can be reasonably excused, consistently with good faith on the part of the defendant. The statute expressly provides for opening defaults which are suffered through excusable neglect. (Code Civ. Proc. § 724.)

The excuse of the defendant here for not answering was that he was assured by his brother William that part of the note was paid already, and that the rest would be paid before judgment could be taken against him, and that he relied implicitly upon such assurance. We have no doubt that this excuse would have been deemed by the court at Special Term sufficient to justify the granting of the motion, but for a contention which seems to have been made on the part of the plaintiff to the effect that the defendant is precluded by something in the nature of an estoppel from now making a defense in the action. The contention is based on the alleged fact that, at the time the default was suffered by the two defendants, the defendant William, whose liability is unquestioned, was responsible, and that if a judgment had been taken against him at that time it could have been collected, but that, relying upon the judgment to result from the default of the defendant Orrin, the plaintiff omitted to apply for the judgment which might have been obtained against William, and that since that time the latter has become irresponsible, and that the judgment now obtained against him is of no avail.

The most obvious answer to this contention is that the plaintiff could not have judgment against either of the joint defendants in default until the issues joined by the answer of the other joint defendant or defendants should be disposed of. It is only when the liability of the defendants is several, and the contract, though in form joint, is shown to bind only one — or less than all — of the parties sought to be charged, that judgment may be taken against those of the defendants who are in default, and the action be severed and proceed against those who have answered. (Code Civ. Proc. § 456; *Brumskill* v. *James*, 11 N. Y. 294; *Pruyn* v. *Black*, 21 id. 300.) This rule is perfectly well understood, and is not questioned by counsel for the plaintiff. But he urges that the issues in this action could have been disposed of, if Orrin had answered

with Abijah, without the necessity of a trial, viz., by the plaintiff's going into court and admitting the truth of the answer interposed, and consenting to judgment dismissing his complaint as to the defendants answering, and that thereupon he would have been entitled to enter judgment in his own favor against the defendant William.

The proposition is a novel one, there being, so far as we know, no precedent for such a confession of judgment by the plaintiff in an action for any purpose; but we are not disposed to argue that it might not be done, or that the court might not thereupon give leave to enter judgment against the defendant in default. But the trouble with the plaintiff's contention is, that there is no evidence or reason to suppose that this course would have been pursued by the plaintiff, and the probabilities are to the contrary. The plaintiff has never admitted the truth of the defense in question, but, on the contrary, has contested it with the defendant Abijah, and put him to the proof of it before a jury, and has entered a judgment against this appellant which ignores the existence of any such defense. The mere possibility of his admitting the truth of that defense, involving as it did his own complicity in the attempt of William to defraud his brothers by the unlawful use of the late firm name, with the effect of releasing two perfectly responsible defendants in order that he might obtain a judgment against a defendant of, at least, very doubtful responsibility, was too remote and contingent to form the basis of an estoppel against this defendant. Before the defendant can be held to be estopped from now setting up his meritorious defense against the unjust demand of the plaintiff, it should appear that the plaintiff has been prejudiced by the loss of some substantial advantage which would have been his had that defense been interposed within the time prescribed by law.

But there is the further answer to the plaintiff's contention arising from the proofs bearing upon the question of William's responsibility at the time when this default occurred. We think the balance of proof is distinctly opposed to the theory that property of the defendant William would have been found, out of which to satisfy an execution issued on any judgment which might have been obtained against him after the expiration of the time of the appellant to answer herein.

We think the default of the appellant was reasonably excused and that no injustice is liable to be done by opening that default and permitting the appellant to answer as proposed, unless it may be by a possible augmentation of costs against the plaintiff which may be provided against by the order here. If the defendant Orrin had joined in the answer of his brother Abijah, or had answered separately to the same effect, in time, there would have been but one trial of the issues joined by both. Now, if the plaintiff still contests the defense, a second trial is necessitated. The order opening the default should, therefore, provide that, in case of a recovery by the defendant his judgment shall be without costs of the action, after notice of trial; and, further, that if the plaintiff elect to discontinue the action he may do so without payment of costs.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from in each case reversed, and the motion in each case granted, without costs of this appeal to either party, on condition that in case of recovery by the defendant his judgment shall be without costs of the action after notice of trial; also, that if the plaintiff elect, within twenty days, to discontinue as to the appellant, he may do so without the payment of costs.