(11 Misc. Rep. 623.)

## HAND v. ROGERS et al.

(City Court of New York, General Term. March 19, 1895.)

JUDGMENT—AGAINST ONE OF SEVERAL DEFENDANTS.

     A complaint alleged that defendants were, and still are, copartners in business, and that on a certain day they made with plaintiff the contract sued on. It appeared that at the time of the making of the contract a partnership existed between defendant R. and a third person, but that the partnership between the several defendants was not formed until after the making of the contract sued on. Defendant R. did not deny that he signed the contract, but merely denied that the other defendants were his partners at the time of making the contract. *Held*, under Code Civ. Proc. § 1205, authorizing a separate judgment where a separate liability of one of several defendants is established, that it was error to dismiss the complaint as to all the defendants, but plaintiff was entitled to a judgment against defendant R. Ehrlich, C. J., dissenting.

Appeal from trial term.

Action by Elwood S. Hand against Charles P. Rogers, William O. Rogers, George H. Burt, and Samuel Fulton. The complaint was dismissed, and plaintiff appeals. Reversed.

For former report, see 28 N. Y. Supp. 521.

Argued before EHRLICH, C. J., and VAN WYCK and NEW-BURGER, JJ.

Charles De Hart Brower, for appellant.
John Henry Hull, for respondents.

NEWBURGER, J. The complaint alleges that the defendants were, and still are, copartners in business, and that on or about the 30th day of November, 1889, they made a contract with the plaintiff, whereby the plaintiff was to insert the defendants' advertisement in a book published by him, for which plaintiff was to receive $205 in trade; that the plaintiff duly inserted the advertisement, and demanded payment, which was refused. The answer was a general denial. On the trial it appeared that the present copartnership was not formed until after the making of the contract sued on, and that at the time of making the contract the copartnership consisted of the defendant Charles P. Rogers and one Whitcomb. The case was tried by the court without a jury. At the close of the plaintiff's case, plaintiff's counsel moved to dismiss the complaint as against all the defendants except Charles P. Rogers, and at the close of the case he moved for judgment against the defendant Charles P. Rogers, both of which motions were denied by the trial justice, who dismissed the complaint as against all the defendants, to which ruling the plaintiff duly excepted. It was not denied by the defendant Charles P. Rogers that he signed the contract with the plaintiff. He simply denied that the other defendants were his copartners at the time of making the contract. Upon the evidence, the defendant Charles P. Rogers was, in any event, liable upon the contract. It has been repeatedly held that under section 1205 of the Code a separate judgment was authorized where a separate liability of some of the defendants was established at the trial, although the cause of action, as alleged in the complaint, was joint

only.   Owen v. Connor (City Ct. N. Y.) 11 N. Y. Supp. 352; Stedeker
v. Bernard, 102 N. Y. 327, 6 N. E. 791.   It follows that the judg-
ment must be reversed, and a new trial granted, with costs to the
appellant to abide the event.

VAN WYCK, J., concurs.

EHRLICH, C. J. (dissenting).   I think that all there is to this
action has been disposed of by the trial judge in conformity with
the decisions of the general term on the former appeals.   These
decisions must be taken as establishing the law of the case so far
as this court is concerned.   28 N. Y. Supp. 521.   I find no error,
and judgment should be affirmed, with costs.